Public Utilities Commission,
No. 5150.

### PUBLIC SERVICE COMPANY

*v.*

### MARION H. SHANNON.

Argued June 25, 1963.
Decided July 9, 1963.

68

*Sulloway, Hollis, Godfrey & Soden* and *Arthur W. Mudge II* (*Mr. Mudge* orally), for the plaintiff.

*Lawrence J. Walsh* (by brief) for the defendant.

KENISON, C.J. The statute under which the plaintiff acquired an easement over the defendant's land for an electrical transmission line, in pertinent part, reads as follows: RSA 371:1. "Whenever it is necessary, in order to meet the reasonable requirements of service to the public, that any public utility should construct a line . . . across the land of another . . . and it cannot agree with the owners of such land or rights as to the necessity or the price to be paid therefor, such public utility may petition the public utilities commission for such rights and easements, or for permission to take such lands or rights, as may be needed for said purposes." This statute in its present form has been extended in scope since the decisions in *Thompson* v. *Company*, 78 N. H. 433, and *Interstate Bridge &c.* v. *Ham*, 91 N. H.

179. While a public utility cannot condemn land without statutory authority, express or implied, condemnation statutes are entitled to a reasonable construction. *Leary* v. *Manchester*, 91 N. H. 442.

RSA 371:1 grants to public utilities "the power to condemn . . . in broad and very general language." 1 Powell, Real Property, *s.* 146, *p.* 548. It has been long established that supplying electricity is a public purpose for which the power of condemnation may be delegated. *McMillan* v. *Noyes*, 75 N. H. 258, 263; *Rockingham County Light & Power Co.* v. *Hobbs*, 72 N. H. 531, 535. The statutory authority of the plaintiff utility to exercise the power of condemnation in the present case is not doubtful. *Public Service Co.* v. *Tenneriffe Development Co.*, 104 N. H. 339; Annot. 44 A.L.R. 735; 58 A.L.R. 787.

The defendant contends that the peak generating capacity of the Wolfeboro municipal electric department is sufficient for present and future needs; that the contract entered into by the town with the plaintiff results in only minor financial savings; that there is no benefit to the defendant or the town of Tuftonboro in which she lives; and that an existing easement for electric service already over the defendant's land "is enough to be deemed just and reasonable." An examination of the record and exhibits in this case supports the implied finding of the Public Utilities Commission that the town of Wolfeboro is a growing community which requires additional electrical capacity particularly during the summer months. The record further indicates that the contract entered into by the town and the plaintiff was the most beneficial arrangement available to that community. While it is true that this was of no benefit to the defendant and of only minor benefit to the town of Tuftonboro, such benefit was not a prerequisite to the exercise of the power of eminent domain by the plaintiff. *State* v. *4.7 Acres of Land*, 95 N. H. 291, 295. Finally the contention that an existing easement of another utility over the defendant's land precludes this one is not supported by any authority cited by the defendant or discovered by this court. See *Latchis* v. *State Highway Board*, 120 Vt. 120; 1 Nichols, Eminent Domain (3d *ed.*) *p.* 392 (1963 supp.).

The defendant excepted to the failure of the Public Utilities Commission to consider evidence which she offered to prove that a trespass had been committed on the defendant's land prior to the condemnation proceeding. This was properly excluded since any

damages for trespass to which the defendant would be entitled will be determined in pending proceedings in the Superior Court. Whether the trespass was willful or done by some errant agents of the plaintiff by mistake it will be compensated for by damages in those proceedings. This question was collateral to the question of necessity and properly excluded. 6 Nichols, Eminent Domain (3d *ed.*) *s.* 26.131. See *State* v. *4.7 Acres of Land*, 95 N. H. 291, 296.

We conclude that the decision of the Public Utilities Commission was amply supported on the record before it and that the defendant has not sustained its burden of showing that the Commission's order permitting the condemnation is unjust or unreasonable. RSA 541:13; *Public Service Co.* v. *Tenneriffe Development Co.,* 104 N. H. 339. Insofar as the Commission took into consideration the expanding needs of the town of Wolfeboro for additional electric service, present and future, this is warranted by decisions, old as well as recent. *Ash* v. *Cummings,* 50 N. H. 591; *State* v. *4.7 Acres of Land, supra*; *Matter of Staten Island Rapid Transit Co.,* 103 N. Y. 251, 256; *Rindge Co.* v. *Los Angeles,* 262 U. S. 700, 707; 1 Nichols, Eminent Domain (3d *ed.*) *s.* 4.11[3] *p.* 380 (1963 supp.).

*Appeal dismissed.*

All concurred.